UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CALDERON,

                    Plaintiff,

          -against-

BRONX CARE HOSPITAL; HEALTH FIRST
INSURANCE,

                    Defendants.

26-CV-2373 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the court's federal question jurisdiction, alleging Defendants—a hospital and an insurance company—violated her rights by declining to provide her employer with forms that would allow her to apply for disability benefits, resulting in her termination from work. She names as defendants Bronx Care Hospital and Health First Insurance. She seeks monetary relief.

By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] In sum, Plaintiff alleges that on two separate occasions—once in 2020, and again in 2025—she was involuntarily hospitalized for psychiatric treatment and was thereafter terminated by her employers because the hospital would not provide her with forms that she alleges her employer required in order to place her on short-term or long-term disability status.

Plaintiff states that from January 3, 2020 through January 5, 2020, she was admitted to Bronx Care Hospital for psychiatric treatment. During that time, hospital staff treated her poorly, and none of them "asked [Plaintiff] for [her] employment situation." (ECF No. 1, at 8.) She

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

contends that "hospital staff was responsible for ensuring that [she] had been placed in short or long term disability, as appropriate." (*Id*.) She also explains that she did not ask her employer to be placed on disability status. She was thereafter terminated. (*Id*.)

On June 17, 2025, Plaintiff was involuntarily admitted to Bronx Care Hospital for psychiatric evaluation and/or treatment, where she remained for about two and ½ months. (*Id*.) Hospital staff consistently ignored her and "treated [her] with no dignity." (*Id*. at 5.) Her employer at the time "required disability forms to be completed by the hospital staff in order to assess [her] return to work and safeguard [her] job though the disability police." (*Id*. at 8.) She states that hospital "staff showed no morale, and for the second time caused [her] job termination for not complying with [her] employer['s] medical history forms." (*Id*.)

Plaintiff complained to Health First Insurance about the alleged misconduct of hospital staff, yet Health First Insurance took no action against the hospital or its staff. (*Id*. at 9.)

Plaintiff alleges that Defendants' conduct violated the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). She seeks monetary relief.

## DISCUSSION

### A.   The ADA and Rehabilitation Act

Because Plaintiff alleges that Defendants discriminated against her on the basis of a disability, the Court liberally construes the complaint as asserting claims under the Rehabilitation Act, in addition to the ADA, which Plaintiff specifically invoked in her complaint.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide

3

variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001) (footnotes omitted). Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). The substantive standards for claims under the ADA and the Rehabilitation Act are substantially the same, *Wright v. N.Y. State Dep't of Corrs*., 831 F.3d 64, 72 (2d Cir. 2016), although a claim under the Rehabilitation Act must be supported by allegations that the benefit is part of a "program or activity receiving Federal financial assistance," *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

Plaintiff fails to state a claim under Title III of the ADA or the Rehabilitation Act. While Plaintiff alleges facts sufficient for the Court to infer that she has a disability within the meaning of the ADA and the Rehabilitation Act in light of her multiple psychiatric hospitalizations, she fails to allege that any of the medical staff at Bronx Care Hospital treated her poorly or failed to complete certain forms for Plaintiff's employer "by reason of" her disability. Rather, Plaintiff's complaint is premised upon her disagreement with her prescribed treatment and the hospital staff's apparent failure to complete certain forms for Plaintiff upon her request. She does not suggest that Defendants took any action that constitutes discrimination on the basis of her disability.

The Second Circuit has repeatedly held that in situations like this, where the plaintiff challenges "the substance of the services provided" rather than "illegal discrimination," there is no violation of the federal disability statutes. *Doe*, 148 F.3d at 84; *see e.g., Schnauder v. Gibens*, 679 F. App'x 8, 10 (2d Cir. 2017) (summary order) (rejecting the assertion by detainee that

4

"denial of timely and meaningful medical treatment for his [broken] nose constituted a failure to provide a 'reasonable accommodation'"); *Cushing v. Moore*, 970 F.2d 1103, 1109 (2d Cir. 1992) (holding that the Rehabilitation Act "does not create a cause of action based on a [disability] that is directly related to providing the very services at issue"); *United States v. Univ. Hosp.*, 729 F.2d 144, 156 (2d Cir. 1984) (explaining that "where medical treatment is at issue, it is typically the [disability] itself that gives rise to, or at least contributes to, the need for services," and thus holding that the Rehabilitation Act "prohibits discrimination against a [disabled] individual only where the individual's [disability] is unrelated to, and thus improper to consideration of, the services in question").

Here, there is no allegation that Plaintiff's disability "made it difficult in any way for her to access benefits—namely, medical services—that were available to all" patients at Bronx Care Hospital. *Tardif v. City of New York*, 991 F.3d 394, 405 (2d Cir. 2021). "In other words, [Plaintiff's disability] did not interfere with her ability to access medical services." *Id*. Plaintiff therefore fails to state a claim under the federal disability statutes. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    The FMLA**

Plaintiff invokes the FMLA and suggests that Defendants violated that law. Under the FMLA, certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two varieties of FMLA claims: interference claims and retaliation claims. An employee brings an interference claim when the employer has prevented or otherwise impeded the employee's ability

5

to exercise rights under the FMLA. An employee brings an 'interference' claim when the employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. *Woods v. START Treatment & Recovery Ctrs., Inc.,* 864 F.3d 158, 166 (2d Cir. 2017).

On the other hand, a retaliation claim arises once the employee has already asserted her rights under the FMLA. To state a claim for retaliation under the FMLA, Plaintiff must allege facts that suggest "that: 1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for h[er] position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (quoting *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 147 (2d Cir. 2012) (internal citations omitted).

Under either of these theories, the only proper defendant in an FMLA case is the *employer* that interfered with the employee's vindication of her rights under the FMLA or retaliated against the employee for doing so. *See* 29 U.S.C. § 2615(a)(1)("It shall be unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.") (emphasis added); *Potenza v. City of N.Y.*, 365 F.3d 165, 167 (2d Cir. 2004). Nothing in the FMLA creates obligations for hospitals to complete forms upon the request of a disabled person or for insurance companies to force hospitals to do so. In sum, Plaintiff states her intent to proceed under the FMLA, but she does not name her employers as defendants in this action. For this reason, Plaintiff has failed to state a claim under the FMLA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Supplemental jurisdiction declined**

Plaintiff also asserts claims under the New York State Human Rights Law and New York City Human Rights Law. A district court may decline to exercise supplemental jurisdiction of

state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting, including her claims under the New York State Human Rights Law and New York City Human Rights Law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against a proper defendant, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

7

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    April 6, 2026
          New York, New York

_____
              Louis L. Stanton
              U.S.D.J.